

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*

| | |
|---|---|
| *Federal Courthouse* | *(414)297-1700* |
| *517 E. Wisconsin Ave, Rm 530* | *TTY (414)297-1088* |
| *Milwaukee WI 53202* | *Fax (414) 297-1738* |
| | *www.usdoj.gov/usao/wie* |

October 18, 2022

Honorable William E. Duffin
United States Magistrate Judge
Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, WI 53202

      Re:    *United States v. Approximately 32,133.63 Tether (USDT) Cryptocurrency from Binance Account Number Ending in 8770*
            Case No. 22-CV-989

Dear Judge Duffin:

      I write to advise the Court and potential claimant that the claimant's statutory deadline for filing a verified claim has now passed and that, if a valid claim is not filed promptly, the United States intends to move for default judgment.

      On August 29, 2022, the United States filed a verified complaint against the defendant property. Also on August 29, 2022, notice of the complaint was electronically filed and sent by email, along with the complaint, for service upon the potential claimant, Koriya Aveshbhai Hanifbhai, c/o Parth Gadhavi. That same day, our office received an automated delivery notification indicating the August 29 email had been successfully delivered. The email address was identified from a June 6, 2022 email message sent from "parth gadhavi," who purported to be the owner of the Binance account from which the defendant property was seized (Binance #8770), to the Hartford Police Department inquiring as to why his Binance account had been frozen.

      On September 1, 2022, notice of the complaint was electronically filed and sent by Federal Express, along with the complaint, for service upon the potential claimant, Koriya Aveshbhai Hanifbhai, c/o Parth Gadhavi, at the address in India noted on Binance's KYC[1] documents for the account holder of Binance #8770. The Federal Express tracking report as to the September 1 notice documents reflect that the documents were delivered, accepted, and signed for by "O.R Koriya Aveshbhai Hanfb" on September 8, 2022.

---

[1] KYC stands for "Know Your Customer." KYC is a set of documents which are required to establish the identity of a person at the time of opening a financial account. Generally, an identity proof with photograph and an address proof (*e.g.*, passport, driver's license, government-issued photo ID, etc.) are the two basic mandatory KYC documents that are required.

The notice documents that the United States served on potential claimant notified him/her that interested parties had to file a claim to the defendant property within 35 days of the date of the notice of the complaint. The materials also notified the potential claimant that an answer to the complaint must be filed within 21 days after filing the claim.

The 35-day time limit for claimant to file a claim expired on October 6, 2022. Thus, the claimant has not complied with the time limits or procedures set forth in 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G(4)(b) and G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for filing a claim.

The United States wishes to advise the Court and claimant that if the claimant fails to file a verified claim meeting the requirements of Rule G(5)(a) of the Supplemental Rules on or before **November 21, 2022**, the United States intends to file a motion for default judgment. Supplemental Rule G(5)(a) provides, in pertinent part, as follows:

> The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney.

If the claimant files a satisfactory verified claim on or before **November 21, 2022**, (s)he is reminded that, under Supplemental Rule G(5)(b), (s)he is also required to file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the claim. Supplemental Rule G(5)(b) states as follows:

> A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

The claimant's answers must respond to each of the numbered paragraphs in the complaint. If the claimant fails to file a timely and legally sufficient answer within that 21-day time frame, the United States likewise intends to move for default judgment.

Sincerely,

GREGORY J. HAANSTAD<br>
United States Attorney

By:     *s/BRIDGET J. SCHOENBORN*<br>
BRIDGET J. SCHOENBORN<br>
Assistant United States Attorney

                                       Wisconsin Bar Number: 105396
                                       Attorney for Plaintiff
                                       Office of the United States Attorney
                                       Eastern District of Wisconsin
                                       517 East Wisconsin Avenue, Room 530
                                       Milwaukee, WI 53202
                                       Telephone: (414) 297-1700
                                       Fax: (414) 297-1738
                                       E-Mail: bridget.schoenborn@usdoj.gov

cc:    Koriya Aveshbhai Hanifbhai, c/o Parth Gadhavi, via email
        Koriya Aveshbhai Hanifbhai, c/o Parth Gadhavi, via Federal Express