UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

APPROXIMATELY 32133.63 TETHER (USDT)
CRYPTOCURRENCY FROM BINANCE
ACCOUNT NUMBER ENDING IN 8770,

        Defendant.

Case No. 22-cv-989-pp

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 12) AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT**

---

On August 29, 2022, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. On December 15, 2022, the plaintiff filed an application for entry of default, dkt. no. 11, and the clerk entered default the next day. Along with the application for entry of default, the plaintiff filed a motion for default judgment. Dkt. No. 12. The court will deny the motion without prejudice and require the plaintiff to amend the complaint.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party must first seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). The plaintiff did so on December 15, 2022. Dkt. No. 11. The court must assure itself that the defendant was aware of the suit and still did not respond.

1

The complaint indicates that on or about June 23, 2022, officers seized approximately 32,133.63 Tether (USDT) cryptocurrency ("the defendant property") from Binance account number ending in 8770, held in the name of Koriya Aveshbhai Hanifbhai in San Francisco, California. Dkt. No. 1 at ¶2. On August 29, 2022, the clerk issued a warrant for arrest *in rem*. On or about September 22, 2022, the United States Marshals Service returned the executed warrant and took custody of the defendant property. Dkt. No. 7. On August 29, 2022, the plaintiff provided notice of the complaint, via certified mail, to Koriya Aveshbhai Hanifbhai c/o Parth Gadhavi via email. Dkt. No. 9. The plaintiff obtained the email address from a June 6, 2022 email message from "parth gadhavi" who purported to be the owner of the Binance account from which the defendant property was seized, to the Hartford, Wisconsin Police Department; in that email, "parth gadhavi" asked why his Binance account had been frozen. Dkt. No. 9; Dkt. No. 12 at ¶4. According to the plaintiff, the automated delivery tracking notification receipt for the August 29, 2022 notice documents reflects that the message was successfully delivered to the "parth gadhavi" email address on August 29, 2022. Dkt. No. 12 at ¶5.

On September 1, 2022, the plaintiff filed a Notice of the Complaint for Civil Forfeiture of Property and served it, along with a copy of the Verified Complaint for Civil Forfeiture and the Verification, on Koriya Aveshbhai Hanifbhai c/o Parth Gadhavi at the address in India listed on Binance's KYC[1]

---

[1] According to the plaintiff, "KYC" stands for "Know Your Customer." Dkt. No. 12 at 1 n.1. "KYC is a set of documents which are required to establish the identity of a person at the time of opening a financial account. Generally, an

documents for the account holder of Binance account number ending in 8770. Dkt. No. 9 at 1; Dkt. No. 12 at ¶6. The notice documents were accepted and signed for by "O.R. Koriya Aveshbhai Hanfb" on September 8, 2022. Dkt. No. 9 at 1; Dkt. No. 12 at ¶7. The notice explained that a complaint had been filed in this district and that any claimant must file a verified claim meeting the requirements of Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims with the Clerk of the United States District Court for the Eastern District of Wisconsin within thirty-five days of the date of the notice. Dkt. No. 6 at ¶3; Dkt. No. 12 at ¶8. The notice also explained that any claimant must serve an answer within twenty-one days of the filing of the claim. Id. On September 30, 2022, the plaintiff filed its declaration of publication, stating that notice of civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on August 30, 2022, as required by Rule G(4)(a)(iv)(C). Dkt. No. 8.

      The thirty-five-day time limit for filing a verified claim expired on October 6, 2022. On October 18, 2022, the plaintiff filed a letter advising the court that if no claimant filed a verified claim by November 21, 2022, it would seek default judgment. Dkt. No. 9 at 2. The plaintiff indicates that it sent copies of this letter by both email and Federal Express to Koriya Aveshbhai Hanifbhai c/o Parth Gadhavi. Dkt. No. 12 at ¶11. According to the plaintiff, Federal Express made attempts to deliver the package to above-mentioned address in India but

---

identity proof with photograph and an address proof (*e.g.*, passport, driver's license, government-issued photo ID, etc.) are the two basic mandatory KYC documents that are required." Id.

3

was unsuccessful. Id. The email, however, was successfully delivered on October 18, 2022. Id. To date, no one has filed an answer or a claim to the property. Id. at ¶12.

The court concludes that the plaintiff has made its best efforts to serve and give notice to the owner of the defendant property, and that it has effected service and notice via email.

## II. Plaintiff's Motion for Default Judgment (Dkt. No. 12)

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. Quincy Bioscience, LLC v. Ellishbooks, 957 F.3d 725, 729 (7th Cir. 2020) (citing Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012)). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if "the amount claimed is liquidated or capable of

ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)). See also Wehrs, 688 F.3d at 892 ("Damages must be proved unless they are liquidated or capable of calculation.") (citation omitted).

The well-pleaded allegations of the complaint allege that a certain sum of currency is subject to forfeiture under 18 U.S.C. §§981(a)(1)(C) and 984 because it constitutes or was derived from proceeds traceable to an offense constituting "specified unlawful activity," specifically wire fraud, in violation of 18 U.S.C. §1343. Dkt. No. 1 at ¶8. The well-pleaded allegations of the complaint further demonstrate that a certain sum of currency is subject to forfeiture under 18 U.S.C. §981(a)(1)(A) because it was involved in, or is traceable to, funds involved in money laundering transactions in violation of 18 U.S.C. §§1956 and 1957. Id. at ¶9. The court must deny the motion, however, because the allegations in the complaint do not support amount of the judgment requested. Specifically, the complaint does not support a judgment forfeiting approximately 32,133.63 Tether (USDT) cryptocurrency because the allegations do not sufficiently demonstrate why that amount is subject to forfeiture.

The complaint alleges that on May 28, 2022, an individual identified as A.D. contacted the Hartford, Wisconsin Police Department and reported that A.D. was the victim of a fraud scam. Id. at ¶10. The complaint asserts that on May 26, 2022, A.D. received a phone call from an individual who advised A.D.

5

that A.D.'s identify had been stolen and that A.D. needed to contact the "Federal Government" to resolve the matter. Id. at ¶11. The complaint alleges that A.D. called a phone number provided by that individual and spoke with a person who identified themselves as "Noah Joshua Phillips" and claimed to be a commissioner with the Federal Trade Commission. Id. Phillips sent A.D. text messages, including an alleged arrest warrant and a purported image of a Federal Trade Commission badge with the name Noah Joshua Phillips. Id. Phillips instructed A.D. to withdraw $15,000 from A.D.'s bank account and to purchase gift cards from numerous stores to clear the alleged arrest warrant and stolen identity. Id. A.D. followed these instructions and purchased $14,200 in gift cards from multiple stores. Id. As directed by Phillips, A.D. took pictures of each gift card and the corresponding activation code of the card and sent the photos to Phillips via text message. Id.

The complaint alleges that on the following day, Phillips contacted A.D. and instructed A.D. to purchase two Target gift cards, each in the amount of $500. Id. at ¶12. A.D. purchased the Target gift cards and sent photos of the cards and the cards' activation codes to Phillips via text message. Id. After receiving the photos, Phillips instructed A.D. to purchase $15,000 in Bitcoin using a Bitcoin ATM. Id. Phillips provided A.D. with a specific Bitcoin address. Id. A.D. withdrew approximately $15,000 from A.D.'s bank account and used a BitcoinDepot.com ATM to convert the $15,000 to approximately 0.42203631 Bitcoin (BTC) at the conversion rate of approximately $35,533.08 plus a 0.00010554 Bitcoin fee and sent the Bitcoin to the Bitcoin address provided by

6

Phillips. Id. The Bitcoin blockchain recorded A.D.'s transaction with a specific "transaction hash" number. Id.

The complaint asserts that on May 28, 2022, approximately .42171990 Bitcoin was transferred from the Bitcoin address provided by Phillips to a new address, not associated with a cryptocurrency exchange or service provider. Id. at ¶13. The Bitcoin blockchain recorded the transaction with a specific "transaction hash." Id. On or about May 31, 2022, the approximate 0.42171990 Bitcoin was comingled with other funds belonging to the same individual's Bitcoin wallet and approximately 1.1187128 Bitcoin was sent to a Bitcoin address referred to in the complaint as "1NoBq." Id. at ¶14. The Bitcoin blockchain recorded the transaction with a specific "transaction hash" referred to in the complaint as "e70b6." Id.

Based on Binance records, the complaint alleges that the "1NoBq" address and "e70b6" transaction are associated with a Binance account number ending in 8770, which is held in the name of Kordiya Aveshbhai Hanifbhai. Id. at ¶16. Binance records show that on May 31, 2022, a deposit of approximately 1.11887128 Bitcoin was made into Binance account number ending in 8770 using the receiving address 1NoBq and transaction hash e70b6. Id. at ¶18. After the 1.11887128 Bitcoin was deposited into Binance 8770, the account owner converted 1.11880000 Bitcoin to approximately 32,133.94 Tether (USDT). Id. at ¶¶18-19. An analysis of the IP addresses used to access Binance account number ending in 8770 revealed that the user's account was primarily accessed using IP addresses that geolocate to India. Id.

7

at ¶20. According to the complaint, law enforcement does not believe that the account holder of Binance account number 8770 resides in the United States. Id.

The complaint alleges that the United States Secret Service seized approximately 32,133.63 Tether (USDT) from Binance account number ending in 8770 held in the name of Koriya Aveshbhai Hanifbhai on or about June 23, 2022 in San Francisco, California under seizure warrant 22-MJ-115 issued by United States Magistrate Judge William E. Duffin. Id. at ¶¶2-3.

Accepting the well-pleaded allegations as true, the plaintiff has not demonstrated why it is entitled to 32,133.63 Tether (USDT). The complaint alleges that A.D. handed over $14,200 in store gift cards, $1,000 in Target gift cards and 0.42203631 Bitcoin. At today's exchange rate, the Bitcoin would convert to approximately 8,926.23 Tether (USDT).[2] So it is not clear to the court why the plaintiff claims that it is entitled to 32,133.63 Tether (USDT). If this amount includes the $15,200 that A.D. paid in gift cards, the plaintiff has failed to allege how it traced the gift cards to the Binance account number ending in 8770. Even if it had, the total amount of Bitcoin and gift cards does not add up to 32,133.63 Tether (USDT). Because the allegations in the complaint do not support a judgment in the amount of 32,133.63 Tether (USDT), the court must deny the motion for a default judgment. The court will

---

[2] See CoinMill - The Currency Calculator (available at https://coinmill.com/BTC_USDT.html#BTC=.42203631).

allow the plaintiff to amend its complaint to demonstrate why it is entitled to the amount it seeks.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 12.

The court **ORDERS** that the plaintiff must file an amended complaint by the end of the day on **March 3, 2023**.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
