UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Case No. 22-CV-989

APPROXIMATELY 32,133.63 TETHER (USDT)
CRYPTOCURRENCY FROM BINANCE
ACCOUNT NUMBER ENDING IN 8770,

    Defendant.

**VERIFIED AMENDED COMPLAINT FOR CIVIL FORFEITURE IN REM**

The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Bridget J. Schoenborn, Assistant United States Attorney for this district, alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action**

1. This is a civil action to forfeit property to the United States of America, under 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), for violations of 18 U.S.C. §§ 1343, 1956, and 1957.

2. By Order dated January 30, 2023, this Court denied the plaintiff's motion for default judgment without prejudice for failure to trace the property to wire fraud activities. The Court directed the United States to remedy this deficiency by filing an amended complaint.

## The Defendant In Rem

3. The defendant property, approximately 32,133.63 Tether (USDT) cryptocurrency from Binance account number ending in 8770, held in the name of Koriya Aveshbhai Hanifbhai, was seized on or about June 23, 2022, in San Francisco, California.

4. The United States Secret Service seized the defendant property pursuant to seizure warrant 22-MJ-115 issued by United States Magistrate Judge William E. Duffin in the Eastern District of Wisconsin on June 23, 2022.

5. The defendant property is presently in the custody of the United States Secret Service in Washington, D.C.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

7. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

8. Venue is proper in this district under 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred, at least in part, in this district.

## Basis for Forfeiture

9. The defendant property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, because it constitutes or was derived from proceeds traceable to an offense constituting "specified unlawful activity" – as defined in 18 U.S.C. § 1956(c)(7), with reference to 18 U.S.C. § 1961(1) – namely, wire fraud, committed in violation of 18 U.S.C. § 1343.

10. The defendant property is also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) because it was involved in, or is traceable to funds involved in, money laundering transactions in violation of 18 U.S.C. §§ 1956 and 1957.

11. Section 1956 prohibits an individual from conducting or attempting to conduct "a financial transaction which in fact involves the proceeds of a specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity."

12. Section 1957 prohibits an individual from engaging or attempting to engage in a "monetary transaction in criminally derived property of a value greater than $10,000 and derived from a specified unlawful activity."

13. In any case in which the government seeks to forfeit property that either facilitated or was "involved in" the commission of the offense, the government must demonstrate a "substantial connection" between the property subject to forfeiture and the underlying criminal activity. 18 U.S.C. § 983(c)(3).

## Facts

14. On or about May 28, 2022, an individual having the initials A.D., who resides in Washington County, Wisconsin, contacted the Hartford, Wisconsin Police Department and reported that A.D. was the victim of a fraud scam and had suffered losses in the amount of approximately $30,200 as a result of the scam.

**Details of the fraud scheme**

15. Events occurring on or about May 26, 2022, included, but are not limited to, the following:

    A. A.D. was contacted by someone using the phone number 1-XXX-750-7455, which was a phone number previously unknown to A.D. The

3

individual advised A.D. that A.D.'s identity had been stolen and that A.D. needed to contact the "Federal Government" to clear up the matter.

    B.    A.D. called phone number 1-XXX-750-7455 and spoke with an individual who identified themselves as "Noah Joshua Phillips," who claimed to be a commissioner with the Federal Trade Commission.

    C.    "Noah Joshua Phillips" sent multiple text messages to A.D. from 1-XXX-750-7455, including a purported Arrest Warrant for A.D. and a purported image of a Federal Trade Commission badge with the name of "Noah Joshua Phillips." Phillips instructed A.D. to withdraw approximately $15,000 in United States currency from A.D.'s Forte bank account and to purchase gift cards from numerous stores, including Apple, Google, Moneycard and Target, to clear the alleged arrest warrant and stolen identity.

    D.    A.D. visited approximately nine different stores, including, but not limited to Dollar General, Lowes, Office Depot, Pick N Save, Stop N Go, Target, and Walmart, where A.D. purchased gift cards totaling approximately $14,200 for Apple, Google, Moneycard, and Target gift cards as directed by Phillips.

    E.    After purchasing the gift cards, and again as directed by Phillips, A.D. took a picture of each gift card and the corresponding activation code of the card, and sent those pictures by text message to 1-XXX-750-7445.

        i.    For example, A.D. purchased six (6) gift cards for Target, each in the amount of $500, from the Pick N Save located at 2518 W. Washington Street in West Bend, Wisconsin. A.D. took pictures of the corresponding gift cards and activation codes and sent the pictures by text message to 1-XXX-750-7445.

        ii.    As another example, A.D. purchased three (3) gift cards for Apple, each in the amount of $500, from the Stop N Go located at 806 Grand Avenue in Hartford, Wisconsin. A.D. took pictures of the corresponding gift cards and activation codes and sent the pictures by text message to 1-XXX-750-7445.

16.    Events occurring on or about May 27, 2022, included, but are not limited to, the following:

    A.    "Noah Joshua Phillips" contacted A.D. and instructed A.D. to purchase two Target gift cards, each in the amount of $500.

B. As instructed by Phillips, A.D. purchased the gift cards from the Metro Market located at N95W18351 County Line Road in Menomonee Falls, Wisconsin, took pictures of the corresponding gift cards and activation codes, and sent those pictures by text message to 1-XXX-750-7455.

C. Phillips then instructed A.D. to purchase $15,000 in Bitcoin using a Bitcoin ATM. Phillips provided A.D. with the Bitcoin address of bc1q4393470gjka22cyy7qket9uzv2ef2z46yqv8pl (hereinafter referred to as "bc1q4")[1] to which A.D. was to send the Bitcoin.

D. As instructed by Phillips, A.D. withdrew approximately $15,000 in United states currency from A.D.'s Forte bank account to purchase Bitcoin. A.D. used a BitcoinDepot.com ATM to convert the approximately $15,000 in United States currency to approximately 0.42203631 Bitcoin (BTC) at the conversion rate of approximately $35,533.08 plus a 0.00010554 Bitcoin fee and sent the Bitcoin to the "bc1q4" address. A.D.'s transaction was recorded on the Bitcoin blockchain with transaction hash f87e44be8cbd3f78a10205defa71068b9d300f9bb06352c370974acd528f36dc.

17. On or about May 28, 2022, approximately 0.42171990 Bitcoin[2] was transferred from the "bc1q4" address to bc1qygrxez8x006m05w84kpnf68xptcu54tn44csnn (hereinafter referred to as "bc1qy")[3] and recorded on the Bitcoin blockchain with transaction hash efac617c9a5556bb21bfb78735838e8824d5e422a33b96d1d10108a3662ff144.

18. On or about May 31, 2022, the approximate 0.42171990 Bitcoin was comingled with other funds belonging to the same individual's Bitcoin wallet and approximately 1.1187128 Bitcoin[4] was sent to address 1NoBqwofj81RUmZiHwpkaDfbKNuoc4qveX (hereinafter referred to as "1NoBq") and recorded on the blockchain with transaction hash

---

[1] Based on analysis performed by law enforcement, the "bc1q4" address is not associated with a cryptocurrency exchange or service provider.

[2] The value was approximately $12,214.30 in United States currency based on the average daily Bitcoin price on May 28, 2022.

[3] Based on analysis performed by law enforcement, the "bc1qy" address is not associated with a cryptocurrency exchange or service provider.

[4] The value was approximately $35,708.90 in United States currency based on the average daily Bitcoin price on May 31, 2022.

5

e70b6e679ff1bfc9799de1dfe28ef455e6b897755ce00d560816e264cf98593f (hereinafter referred to as "e70b6"). Given that A.D. provided approximately $30,200 in gift cards and Bitcoin to the individual controlling 1NoBq on May 26 and May 27, 2022, case agents believe that the majority of the funds in the account were fraud proceeds.

19. Based on analysis performed by law enforcement, the "1NoBq" address is associated with the cryptocurrency exchange Binance.

**Binance account ending in 8770**

20. According to Binance records, the address 1NoBq and transaction hash e70b6 is associated with Binance account ending in 8770 ("Binance 8770") held in the name of Kordiya Aveshbhai Hanifbhai.

21. Binance 8770 was registered on or about March 13, 2021, using a Government of India identification card.

22. Binance records further show that on May 31, 2022, a deposit was made into Binance 8770 of approximately 1.11887128 Bitcoin using receiving address 1NoBq and transaction hash e70b6.

23. Binance records also show that on May 31, 2022, after the approximately 1.11887128 Bitcoin was deposited into Binance 8770, the account owner converted 1.11880000 Bitcoin to approximately 32,133.94 Tether (USDT).[5]

24. Based on analysis of the IP addresses used to access Binance 8770, the user's account was primarily accessed using IP addresses that geolocate to India. Based on the investigation to date, law enforcement does not believe the account holder of Binance 8770 resides within the United States.

---

[5] The value of Tether (USDT) is tied to the value of the United States dollar. Thus, the value was approximately $32,133.94.

6

Case 2:22-cv-00989-PP   Filed 03/24/23   Page 6 of 9   Document 17

25. Based on their training and experience, and the investigation to date, case agents believe that the bc1q4 account, the bc1qy account, the 1NoBq account, and the Binance 8770 account contained wire fraud proceeds. Additionally, the bc1q4 account, the bc1qy account, the 1NoBq account, and the Binance 8770 account were involved in transactions designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, and the control of the approximately $30,200 stolen from A.D. Finally, the transactions into and out of the bc1qy account, the bc1qy account, the 1NoBq account, and the Binance 8770 account involved amounts in excess of $10,000.

26. Therefore, the defendant property, 32,133.63 Tether, constitutes wire fraud proceeds, in violation of 18 U.S.C. § 1343. The defendant property, 32,133.63 Tether, was also involved in money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

## Claim for Relief

27. The plaintiff repeats and incorporates by reference the paragraphs above.

28. By the foregoing and other acts, the defendant property constitutes or was derived from proceeds traceable to specified unlawful activity, namely, wire fraud, committed in violation of 18 U.S.C. § 1343, and is therefore subject to forfeiture to the United States of America under 18 U.S.C. §§ 981(a)(1)(C) and 984, with cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1).

29. By the foregoing and other acts, the defendant property was involved in, or is traceable to funds involved in, money laundering transactions in violation of 18 U.S.C. §§ 1956 and 1957, and is therefore subject to forfeiture to the United States of America under 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2022.

                                          Respectfully submitted,

                                          GREGORY J. HAANSTAD
                                          United States Attorney

By:   *s/Bridget J. Schoenborn*
        BRIDGET J. SCHOENBORN
        Assistant United States Attorney
        Wisconsin Bar Number: 105396
        Attorney for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, WI 53202
        Telephone: (414) 297-1700
        Fax: (414) 297-1738
        E-Mail: bridget.schoenborn@usdoj.gov

## Verification

I, Michael Nameth, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Secret Service in Milwaukee, Wisconsin, that I have read the foregoing Verified Complaint for Civil Forfeiture *in rem* and know the contents thereof, and that the factual matters contained in paragraphs 14 through 26 of the Verified Complaint are true to my own knowledge.

The sources of my knowledge are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Secret Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Date: 03/24/2023     *s/Michael D. Nameth*
                     Michael Nameth
                     Special Agent
                     United States Secret Service