UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Case No. 22-cv-989-pp

APPROXIMATELY 32133.63 TETHER (USDT) CRYPTOCURRENCY FROM BINANCE ACCOUNT NUMBER ENDING IN 8770,

        Defendant.

---

**ORDER GRANTING SECOND MOTION FOR DEFAULT JUDGMENT (DKT. NO. 22) AND DISMISSING CASE**

---

On March 24, 2023, the plaintiff filed an amended complaint for *in rem* civil forfeiture. Dkt. No. 17. On May 4, 2023, the plaintiff filed an application for entry of default, dkt. no. 21, and the clerk entered default the next day. Along with the application for entry of default, the plaintiff filed a second motion for default judgment. Dkt. No. 22. The court will grant that motion and dismiss the case.

**I.    Background**

On August 29, 2022, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. On August 29, 2022, the clerk issued a warrant for arrest *in rem*. On or about September 22, 2022, the United States Marshals Service returned the executed warrant and took custody of the defendant property. Dkt. No. 7. On September 30, 2022, the plaintiff filed its declaration of publication, stating that notice of civil forfeiture had been posted on an

1

official government internet site (www.forfeiture.gov) for at least thirty consecutive days as required by Rule G(4)(a)(iv)(C), beginning on August 30, 2022. Dkt. No. 8.

On December 15, 2022, the plaintiff filed an application for entry of default, dkt. no. 11, and the clerk entered default the next day. Along with the application for entry of default, the plaintiff filed a motion for default judgment. Dkt. No. 12. On January 30, 2023, the court denied that motion because the allegations in the complaint did not support the amount requested in proposed judgment. Dkt. No. 14. As the court explained:

> The complaint alleges that A.D. handed over $14,200 in store gift cards, $1,000 in Target gift cards and 0.42203631 Bitcoin. At today's exchange rate, the Bitcoin would convert to approximately 8,926.23 Tether (USDT).[1] So it is not clear to the court why the plaintiff claims that it is entitled to 32,133.63 Tether (USDT). If this amount includes the $15,200 that A.D. paid in gift cards, the plaintiff has failed to allege how it traced the gift cards to the Binance account number ending in 8770. Even if it had, the total amount of Bitcoin and gift cards does not add up to 32,133.63 Tether (USDT).
>
> [1] See CoinMill - The Currency Calculator (available at https://coinmill.com/BTC_USDT.html#BTC=.42203631).

Id. at 8. The court gave the plaintiff the opportunity to file an amended complaint to demonstrate why it was entitled to the amount it sought. Id. at 8-9. On March 24, 2023, the plaintiff filed an amended complaint for *in rem* civil forfeiture. Dkt. No. 17. Along with the amended complaint, the plaintiff filed a memorandum regarding the civil forfeiture *in rem*. Dkt. No. 18.

## II. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party must first seek an entry of default based on

2

the opposing party's failure to plead. Fed. R. Civ. P. 55(a). The plaintiff did so on May 4, 2023. Dkt. No. 21. The court must assure itself that the defendant was aware of the suit and still did not respond.

The amended complaint indicates that on or about June 23, 2022, officers seized approximately 32,133.63 Tether (USDT) cryptocurrency ("the defendant property") from Binance account number ending in 8770, held in San Francisco, California in the name of Koriya Aveshbhai Hanifbhai. Dkt No. 17 at ¶3. On March 28, 2023, the plaintiff provided notice of the amended complaint, via certified mail and via email, to Koriya Aveshbhai Hanifbhai c/o Parth Gadhavi. Dkt. No. 20. The plaintiff obtained the email address from a June 6, 2022 email message from "parth gadhavi" (who purported to be the owner of the Binance account from which the defendant property was seized) to the Hartford, Wisconsin Police Department; in that email, "parth gadhavi" asked why his Binance account had been frozen. Dkt. No. 22 at ¶4. According to the plaintiff, the automated delivery tracking notification receipt for the notice documents reflects that the message was successfully delivered to the "parth gadhavi" email address on March 28, 2023. Dkt. No. 22 at ¶17. The plaintiff asserts that the Federal Express tracking report reflects that the notice documents were delivered, accepted and signed for by "P.ARTH GADHAVI III KORIYA" on April 3, 2023. Id.

The notice explained that an amended complaint had been filed in this district and that any claimant must file a verified claim meeting the requirements of Rule G(5)(a) of the Supplemental Rules for Certain Admiralty

3

and Maritime Claims with the Clerk of the United States District Court for the Eastern District of Wisconsin within thirty-five days of the date of the notice. Dkt. No. 19 at ¶¶1-3; Dkt. No. 22 at ¶18. The notice also explained that any claimant must serve an answer within twenty-one days of the filing of the claim. Dkt. No. 19 at ¶3. The thirty-five-day time limit for filing a verified claim expired on May 2, 2023. To date, no one has filed an answer or a claim to the property.

The court concludes that the plaintiff has made its best efforts to serve and give notice to the owner of the defendant property, and that it has effected service and notice via email.

### III. Plaintiff's Second Motion for Default Judgment (Dkt. No. 22)

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. Quincy Bioscience, LLC v. Ellishbooks, 957 F.3d 725, 729 (7th Cir. 2020) (citing Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012)). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court must "conduct an inquiry in order to ascertain the amount of

4

damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)). See also Wehrs, 688 F.3d at 892 ("Damages must be proved unless they are liquidated or capable of calculation.") (citation omitted).

The well-pleaded allegations of the amended complaint allege that a certain sum of currency is subject to forfeiture under 18 U.S.C. §§981(a)(1)(C) and 984 because it constitutes or was derived from proceeds traceable to an offense constituting "specified unlawful activity"—specifically wire fraud, in violation of 18 U.S.C. §1343. Dkt. No. 17 at ¶9. The well-pleaded allegations of the amended complaint also assert that a certain sum of currency is subject to forfeiture under 18 U.S.C. §981(a)(1)(A) because it was involved in, or is traceable to, funds involved in money laundering transactions in violation of 18 U.S.C. §§1956 and 1957. Id. at ¶10.

The amended complaint alleges that on May 28, 2022, an individual identified as A.D. contacted the Hartford, Wisconsin Police Department and reported that A.D. was the victim of a fraud scam. Id. at ¶14. The amended complaint asserts that on May 26, 2022, A.D. received a phone call from an individual who advised A.D. that A.D.'s identify had been stolen and that A.D.

5

needed to contact the "Federal Government" to resolve the matter. Id. at ¶15. The amended complaint alleges that A.D. called a phone number provided by that individual and spoke with a person who identified themselves as "Noah Joshua Phillips" and claimed to be a commissioner with the Federal Trade Commission. Id. Phillips sent A.D. text messages, including an alleged arrest warrant and a purported image of a Federal Trade Commission badge with the name Noah Joshua Phillips. Id. Phillips instructed A.D. to withdraw $15,000 from A.D.'s bank account and to purchase gift cards from numerous stores to clear the alleged arrest warrant and stolen identity. Id. A.D. followed these instructions and purchased $14,200 in gift cards from multiple stores. Id. As directed by Phillips, A.D. took pictures of each gift card and the corresponding activation code of the card and sent the photos to Phillips via text message. Id.

The amended complaint alleges that on the following day, Phillips contacted A.D. and instructed A.D. to purchase two Target gift cards, each in the amount of $500. Id. at ¶16. A.D. purchased the Target gift cards and sent photos of the cards and the activation codes to Phillips via text message. Id. After receiving the photos, Phillips instructed A.D. to purchase $15,000 in Bitcoin using a Bitcoin ATM. Id. Phillips provided A.D. with a specific Bitcoin address. Id. A.D. withdrew approximately $15,000 from A.D.'s bank account and used a BitcoinDepot.com ATM to convert the $15,000 to approximately 0.42203631 Bitcoin (BTC) at the conversion rate of approximately $35,533.08 plus a 0.00010554 Bitcoin fee and sent the Bitcoin to the Bitcoin address

provided by Phillips. Id. The Bitcoin blockchain recorded A.D.'s transaction with a specific "transaction hash" number. Id.

The amended complaint asserts that on May 28, 2022, approximately .42171990 Bitcoin was transferred from the Bitcoin address provided by Phillips to a new address, not associated with a cryptocurrency exchange or service provider. Id. at ¶17. The Bitcoin blockchain recorded the transaction with a specific "transaction hash." Id. On or about May 31, 2022, the approximate 0.42171990 Bitcoin was comingled with other funds belonging to the same individual's Bitcoin wallet and approximately 1.1187128 Bitcoin was sent to a Bitcoin address referred to in the complaint as "1NoBq." Id. at ¶18. The Bitcoin blockchain recorded the transaction with a specific "transaction hash" referred to in the complaint as "e70b6." Id. The amended complaint alleges that because A.D. provided approximately $30,200 in gift cards and Bitcoin to the individual controlling "1NoBq" on May 26 and May 27, 2022, case agents believe that the majority of the funds in the account were fraud proceeds. Id.

Based on Binance records, the complaint alleges that the "1NoBq" address and "e70b6" transaction are associated with a Binance account number ending in 8770, which is held in the name of Kordiya Aveshbhai Hanifbhai. Id. at ¶20. Binance records show that on May 31, 2022, a deposit of approximately 1.11887128 Bitcoin was made into Binance account number ending in 8770 using the receiving address 1NoBq and transaction hash e70b6. Id. at ¶22. After the 1.11887128 Bitcoin was deposited into Binance

7

8770, the account owner converted 1.11880000 Bitcoin to approximately 32,133.94 Tether (USDT). Id. at ¶¶22-23. An analysis of the IP addresses used to access Binance account number ending in 8770 revealed that the user's account was accessed primarily using IP addresses that geolocate to India. Id. at ¶24. According to the amended complaint, law enforcement does not believe that the account holder of Binance account number 8770 resides in the United States. Id.

The amended complaint alleges that the United States Secret Service seized approximately 32,133.63 Tether (USDT) from Binance account number ending in 8770 held in the name of Koriya Aveshbhai Hanifbhai on or about June 23, 2022 in San Francisco, California under seizure warrant 22-MJ-115 issued by United States Magistrate Judge William E. Duffin. Id. at ¶¶3-4.

In its accompanying brief, the plaintiff argues that the $15,000 Bitcoin is directly traceable to the Binance account number ending in 8770 and "[t]he totality of the circumstances indicates that the $15,200 is also traceable to the [Binance account number ending in 8770]" because "it is roughly half the balance of that account, it was sent approximately two days before the $15,000 Bitcoin, and it was sent to 1-xxx-750-7445, where the directions about the $15,000 transaction also came." Dkt. No. 18 at 4. The plaintiff argues that even if the court determines that only $15,000 is directly traceable to the Binance account, the remainder of the Bitcoin seized is subject to forfeiture because it was commingled with known proceeds of the fraud scheme. Id. The plaintiff argues that even "clean funds" in a crypto wallet are subject to forfeiture

8

"[w]here someone so comingles fraud proceeds with clean funds in a bank account" so that "all those funds were involved in apparent concealment money laundering conduct." Id. at 6. The plaintiff suggests that the perpetrator of this alleged money laundering scheme commingled the $15,000 with the remainder of the money in the Binance account "in an effort to launder the fraud proceeds through the listed Binance account as part of [a] series of concealment money laundering transactions." Id. at 4.

The court finds that the well-pleaded allegations of the amended complaint demonstrate that the $15,000 Bitcoin is directly traceable to the Binance account number ending in 8770. The court also finds that the totality of circumstances, as pleaded in the amended complaint, establish that the $15,200 in gift cards also is traceable to the Binance account number ending in 8770. See United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars, 403 F.3d 448, 455 (7th Cir. 2005) (considering the "totality of the circumstances" to conclude that it was more likely than not that cash was subject to forfeiture). The amended complaint alleges that someone identifying themselves as "Noah Joshua Phillips" called A.D. from a phone number, 1-xxx-750-7445 and instructed A.D. both to withdraw the $15,000 eventually converted to Bitcoin and to purchase $15,200 in gift cards. Dkt. No. 17 at ¶15. A.D. sent pictures of the corresponding gift cards and activation codes by text message to that same number on May 26, 2022 and May 27, 2022, respectively. Id. On May 31, 2022, the 0.42171990 in Bitcoin A.D. sent to "Phillips" was comingled with other funds and approximately 1.1187128

9

Bitcoin was sent the "1NoBq" address associated with Binance account number ending in 8770. As the plaintiff explains, the timing of the transactions, along with the amount, indicate that most of the funds in the account were fraud proceeds. Id. at ¶18.

The well-pleaded allegations in the amended complaint demonstrate that the 32,133.63 Tether (USDT) is subject to forfeiture by the plaintiff. Because no claimant with a valid interest filed a claim within the statutory period, the court will grant the default judgment.

**IV. Conclusion**

The court **GRANTS** the plaintiff's second motion for default judgment. Dkt. No. 22.

The court **ORDERS** that the defendant property—approximately 32,133.63 Tether (USDT) Cryptocurrency from Binance account number ending in 8770—is **FORFEITED** to the United States of America.

The Court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Secret Service or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
